CORNISH, CURTIS & GREENE COMPANY v. ANTRIM CO-OPERATIVE DAIRY ASSOCIATION and Others.[1]

January 8, 1901.

Nos. 12,345—(106).

| 82 | 215 |
| 86 | 388 |

**Building Contract.**

    Where a contract for the construction of a creamery provided that during its erection "the board of managers shall confer" with its builder, and the manager and directors were present during its construction, the fact that they did not confer with the builder, or object to defects and omissions, does not relieve the latter from a substantial compliance with the plans and specifications under which it had agreed to construct the building.

**Omissions and Defects—Estoppel.**

    When omissions and defects were equally known to the builder, as well as to the manager and directors, who agreed to confer during its erection, the failure to confer does not estop defendant from taking advantage of such omissions and defects upon completion of the structure, when it is tendered for acceptance.

**Review of Evidence Taken before Referee.**

    Evidence taken before a referee appointed during the trial, with the consent of the parties, when considered and made the basis of findings of fact, must be reviewed by this court in the same manner, and to the same effect, as if such testimony was actually received in open court by the trial judge.

**Findings Sustained by Evidence.**

    Evidence considered, and *held* fairly to support the findings of fact, (

[1] Reported in 84 N. W. 724.

and to sustain the conclusion of law thereon that there was not a substantial compliance with the contract to construct the creamery, and that defendant for that reason was not bound to accept and pay for the same on its completion.

Action in the district court for Watonwan county to foreclose a mechanic's lien for $3,000. The case was tried partly before the court, and part of the evidence was taken before a referee. The court, Severance, J., found in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Stringer & Seymour* and *Cannon & Donnelly*, for appellant.

*W. S. Hammond* and *J. W. Seager*, for respondents.

LOVELY, J.

Plaintiff seeks to foreclose a lien upon a lot and building constructed for defendant under a written contract, by the terms of which it was to be accepted when completed and equipped with proper machinery for operation as a creamery, according to the plans and specifications attached. The building was erected upon land held by a stockholder in trust for the creamery association, and it is sought by the plaintiff to impose the lien upon such land, as well as the building and machinery therein, for the full amount of the contract price. The building was completed and machinery placed therein by plaintiff, and tendered to the defendant association, which declined to accept it, upon the claim that the same had not been constructed in accordance with the written agreement between the parties, which was the issue upon the trial in the court below, who made specific findings of fact to the effect that the plans and specifications had never been carried out, and that "said building was not a reasonably sound, good and substantial building, and the said contract was not substantially performed by the plaintiff as to said building." Judgment was ordered for defendants, and plaintiff, after a motion for a new trial had been denied, appealed to this court.

The evidence in the case was heard partially by the court below, while a large portion of such evidence was taken before a referee agreed upon by the parties, and reported to the court.

This evidence was considered by the court in reaching its conclusions upon the issues involved. It is urged by plaintiff that where important evidence of controlling character, as in this case, is taken before a referee, the findings of the trial court responsive thereto are not entitled to the same weight as if based upon evidence originally heard at the trial, where the court had an opportunity to see and observe the witnesses as well as their manner of giving testimony, and that, in the consideration of its findings based upon such evidence reported by the referee, this court should examine the same from the standpoint of the trial judge, and determine the weight of such evidence as an original proposition. We cannot accede to this view. This court has appellate jurisdiction only in such cases, and it is our clear duty to treat the findings of fact by the trial court as conclusive, if fairly sustained by the evidence. This view is founded upon the very nature of our authority, and has been followed ever since the case of Humphrey v. Havens, 12 Minn. 196 (298), and cannot now be changed without a palpable usurpation of power.

The principal contention in this case on behalf of the plaintiff is that the evidence does not support the findings of the trial court, for the reason that against its findings of fact it was shown that there was a substantial compliance with the terms of the contract between the parties. The trial court found that the contract required the construction of a building having a one-third pitch to the roof, while the building itself had a pitch of four inches less, which would affect its capacity to shed rain; that a large portion of the shingles used upon the roof were not as prescribed, but of a very inferior quality, and were not laid in a reasonable, suitable, and workmanlike manner, as required by the contract, leaving many holes in the roof; also that the siding used in the construction of the building was not of a good quality, as required, but that the same was unsound, cheap, and split, as a result of which there was also a large number of holes in the sides of the structure through which the rain and snow would beat.

These and other departures from the terms of the agreement between the parties were found by the trial court, from which

the inference might follow that, to comply with its terms, the building would have to be taken down and reconstructed; and while such defects related to the building solely, which might be rebuilt for a fifth of the entire cost of the creamery, when fully equipped, yet the defects and omissions were such that we cannot hold that there was a substantial compliance with the obligation imposed by such contract upon the plaintiff. As held by this court in a recent case, the rule is that

"Where a contractor has in good faith made substantial performance of the terms of the contract, but there are some slight omissions or defects, which are readily remedied, so that an allowance therefor out of the contract price will give the other party, in substance, what he bargained for, the contractor may recover the contract price, less the damages on account of the omissions. But this rule of substantial compliance does not apply where the omissions or deviations from the terms of the contract or its performance are so substantial that an allowance out of the contract price would not give the owner essentially what he contracted for,"—citing previous cases on that subject in this court. Anderson v. Pringle, 79 Minn. 433, 82 N. W. 682.

We cannot, from the careful review we have given of the evidence in this case, hold that the rule above laid down, invoked by the plaintiff for its benefit, will relieve it from the conclusion of the trial court that the contract was not substantially performed, or that the defendant was bound to accept the building upon its completion.

The contract provides that, "during the erection of said factory * * * its board of managers shall confer with said first party [plaintiff] from time to time." It is urged that this provision imposed upon the defendant the duty of pointing out, and objecting to, any defects or omissions, when discovered or known, while the building was being constructed, and that a failure to do so estops the defendant from questioning such defects when the building was completed. The building was in fact built by a subcontractor, and the evidence tends to show that the manager and other directors of defendant were present at times during its construction. There is no evidence that the plaintiff and defendant's directors conferred during the progress of the work, or that they

were asked or refused to do so, or that defendant's managers or directors made any objections on account of defects. The trial court made no findings upon this subject, nor was it requested to do so. There was not a substantial compliance with the terms of the contract, and we are left in the dark as to who is at fault for such neglect to confer even if the defendant's directors were required to supervise the same; and plaintiff cannot be heard to complain, under such circumstances, that these defects and omissions had been waived, and we must hold that the position that defendant is estopped from questioning the specific performance of the contract, for the reason that its officers were present, and had an opportunity to observe the failure to follow the specifications, is not tenable. It does not appear that any facts were known to such officers that were not equally known to the plaintiff or the subcontractor, who presumably had the specifications and was to work by them, and knew as well (if not better) what they contained, and what was required, as such officers. Under similar conditions, it has been held by this court "that there can be no estoppel as to facts when they are equally known to both parties." Plummer v. Mold, 22 Minn. 15. It would be stretching the duty of construction to interpret this contract so as to impose under the obligation "to confer" duties which were by the contractor violated, and transfer to defendant the responsibility for noncompliance from plaintiff to such defendant, who has not, under the findings, substantially performed the contract.

We have examined the assignments not specifically referred to, and find no reversible error occurring during the trial of the cause.

Order affirmed.