GEORGE L. TREAT v. BEATRICE KELLOGG and Others.[1]

April 10, 1908.

Nos. 15,507—(223).

**Review of Finding of Fact.**

A finding of fact will not be set aside, if there is any evidence tending to sustain it, whether the action was submitted on deposition, or the witnesses actually appeared.

Action in the district court for Douglas county to have plaintiff, as receiver of certain partnership assets, adjudged entitled to the possession of $3,371.35 on deposit in the Douglas County Bank at Alexandria, Minnesota. The case was tried before Baxter, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to such order, defendants appealed. Affirmed.

*Constant Larson,* for appellants.

*Reynolds & Roeser,* for respondent.

[1] Reported in 115 N. W. 947.

PER CURIAM.

This action was brought by George L. Treat, as receiver of the firm of Godwin & Kellogg, for the purpose of establishing his right to the sum of $3,371.35 on deposit in the Douglas County Bank of Alexandria. The court made findings of fact and conclusions of law in favor of the plaintiff, and the defendants appealed from the judgment entered thereon.

The sole question presented for our determination is whether the findings of fact are justified by the evidence. The action was submitted to the trial court on depositions, and the appellant contends that under such circumstances less deference should be paid to the rule that a finding of fact will not be set aside, if there is any evidence tending to sustain it, than when the witnesses actually appear before the trial court. It is settled in this jurisdiction that the rule is the same, whether the cause was tried upon written or oral evidence. Humphrey v. Havens, 12 Minn. 196 (298); Dayton v. Buford, 18 Minn. 111 (129); Berkey v. Judd, 22 Minn. 287; McLachlan v. Branch, 39 Minn. 101, 38 N. W. 703; Cornish, C. & G. Co. v. Antrim Coop. Dairy Assn., 82 Minn. 215, 84 N. W. 724.

The court found: That prior to March 30, 1906, A. G. Godwin and Orin Kellogg were partners under the firm name of Godwin & Kellogg, and were engaged in the business of buying, selling and exchanging lands. On that date Godwin commenced an action for the dissolution of the partnership, which resulted in the appointment of the respondent, Treat, as receiver. That in the fall of 1905 the partnership owned an interest or equity in six hundred forty acres of land in Pope county, Minnesota, which had been acquired for the partnership and paid for with partnership funds. That about January 20, 1906, the defendants Spannagel, Roberts, Orin Kellogg, and his wife, Beatrice Kellogg, entered into a conspiracy to cheat and defraud the partnership and A. G. Godwin out of the Pope county land. For this purpose they caused the land to be transferred through various parties to Spannagel, who was a party to the fraud, and knew that the land belonged to the firm of Godwin & Kellogg. Among the lands given by Spannagel in exchange for the Pope county land were five lots in the town of Witt, Illinois, upon which was situated a grain elevator. Spannagel transferred the Witt property to Roberts, who thereafter

transferred it to Beatrice Kellogg, the wife of Orin Kellogg. That on March 12, 1906, Beatrice Kellogg and her husband conveyed it to the defendant Brandenburg, who gave no consideration therefor, and who acted "with full knowledge * * * that Beatrice Kellogg was not the owner of said lots, or any thereof, or any interest therein, but that said lots belonged to, were owned by, and paid for, with funds and assets belonging to said partnership." After the receiver asserted his claim to the Witt property, and opportunity presented itself to make an advantageous sale, and by the consent of all parties the property was converted into cash and deposited in the bank to await the result of this litigation.

There is evidence fairly tending to show that the Pope county land was purchased for, or the equity therein acquired by, the partnership, and paid for with partnership funds, and that Brandenburg was not a good-faith purchaser for value. As to the interest of the firm, Godwin's testimony is direct; and he is corroborated by letters written to him by Kellogg while the negotiations for the exchange for the Witt property were in progress. It is not so clear that Brandenburg was not an innocent purchaser for value; but, on the whole record, we can find nothing to justify us in holding that the trial court was not justified in drawing the contrary conclusion from the evidence. Brandenburg testified that he paid $500 in cash to Orin Kellogg, and that the balance of the $3,500 which he claimed to have paid for the elevator property was paid by the satisfaction of claims which he had for commissions on previous deals. He testified that the $500 was paid in cash. No receipt was taken. He was unable to give any details with reference to the transactions out of which the alleged commissions arose, and his testimony, in the light of all the evidence, may well have failed to satisfy the court of his candor and truthfulness.

There is certainly sufficient in this record to sustain the findings of the trial court, and the judgment is therefore affirmed.