# JOHN WUNDER v. CLAUDE A. P. TURNER.[1]

December 13, 1912.

Nos. 17,781—(103).

**Specific performance — evidence — new trial.**

>Action to enforce specific performance of an alleged oral contract with reference to an invention relating to reinforced concrete construction and the assignment of an interest in patents to be obtained therefor. The trial court found that in fact the contract was never made. *Held*, that the evidence sustains the court's findings of fact; that it did not err in sustaining an objection to offered evidence of prior art patents, nor in denying plaintiff's motion for a new trial on the ground of newly discovered evidence.

Action in the district court for Hennepin county to compel defendant to assign to plaintiff an undivided ½ interest in the letters patent of the United States, No. 589,585, and in the pending application for letters patent in the U. S. No. 378,444, filed June 11, 1907; an undivided ½ interest in said letters patent upon the same invention issued to defendant in Great Britain, Canada and Mexico; and to account for ½ of all profits and royalties obtained and received by him from the use of the invention in the United States, Great Britain, Canada and Mexico. The case was tried before John Day Smith, J., and subsequently submitted on typewritten record to Booth, J., who made findings and as conclusion of law ordered judgment in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*A. C. Paul, Emanuel Cohen* and *A. B. Jackson,* for appellant.

*Frank R. Hubachek, Frank W. Booth* and *Charles J. Williamson,* for respondent.

START, C. J.

This is an action in equity brought by the plaintiff in the district court of the county of Hennepin to enforce the specific performance

[1] Reported in 138 N. W. 770.

of an alleged oral contract, with reference to an invention useful in connection with reinforced concrete construction, and patents to be obtained covering such invention. The complaint alleged the making of the oral contract, and that it was thereby agreed that the defendant should invent and devise a method of construction which would provide a reinforced concrete structure having flat slab floors, thereby dispensing with the use of girders or beams, for supporting the floors; that patents upon the construction were to be obtained in the defendant's name, the plaintiff paying the cost of securing them; that defendant and plaintiff should share equally in all profits to be derived from such patents, or any one thereof; and, further, that defendant should, on plaintiff's request, assign to him an undivided one-half interest in each of the inventions and patents; that the invention was made and patents secured therefor in defendant's name; and, further, that the alleged contract was broken by the defendant. The plaintiff prayed for judgment for an accounting of profits and that the defendant assign to him an undivided one-half interest in the patents. The answer denied the making of the alleged oral contract.

The cause was tried by the court without a jury. At the close of the evidence the argument of the cause was postponed until a later date, but the judge was then unable, by reason of his illness, to hear arguments and finish the trial. Thereupon, by agreement of the parties, the case was argued and submitted, upon the evidence which was typewritten, to another judge of the court, Hon. Wilbur F. Booth, hereafter referred to for convenience as the trial judge. He found, with other facts not here material, the ultimate facts following:

"That the alleged contract set out in the plaintiff's complaint was never in fact entered into, and that no contract relating to said alleged invention, or relating to any patent issued or to be issued therefor, either in the United States or elsewhere, was ever made or entered into between the parties to this suit."

As a conclusion of law it was found that the defendant was entitled

to judgment in his favor on the merits. Thereupon the plaintiff made a motion for additional findings of fact, which was denied. He also made a motion for a new trial, which was denied, and the plaintiff appealed from the order denying it.

The plaintiff's assignments of error in this court raise the questions, whether the ultimate and controlling finding of fact, which we have quoted, is sustained by the evidence; whether the court erred in its rulings as to the admission of evidence, or in denying the motion for a new trial on the ground of newly discovered evidence. The plaintiff also assigned twelve other alleged errors, all relating to the refusal of the trial court to make, as requested, twelve additional findings of strictly evidentiary facts, for example, whether the defendant testified falsely in material particulars in respect to a certain exhibit.

A trial court is only required to find ultimate facts, and in this case it rightly refused to make the findings requested. Butler v. Bohn, 31 Minn. 325, 17 N. W. 862.

The principal question presented by the record for our decision is whether the finding of fact, that the alleged oral contract was never made, is sustained by the evidence. The plaintiff urges in this connection that, inasmuch as the evidence was not taken by the judge who made the finding and the case was submitted to him on the report of the stenographer of the evidence in the form of a typewritten copy thereof, he was in no better position than this court to arrive at the real weight of the evidence and the merits of the respective contentions, hence the rule applicable ordinarily to cases of this kind should be relaxed. The finding was made by the trial court in the exercise of its original jurisdiction, but the jurisdiction of this court in reviewing the finding is purely appellate and we must determine the question of law whether the finding in question is sustained by the evidence within the rule, which is this: Firdings of fact by a trial judge are entitled to the same weight as the verdict of a jury, and will not be reversed on appeal unless they are manifestly contrary to the evidence.

The rule applies to inferences from undisputed facts, to documentary evidence, and to cases submitted on depositions or on the report

of a referee appointed to take and return the evidence. 1 Dunnell, Minn. Dig. § 411; Cornish, Curtis, & Greene Co. v. Antrim Co-op. Dairy Assn. 82 Minn. 215, 84 N. W. 724; Treat v. Kellogg, 104 Minn. 54, 115 N. W. 947; Northwestern F. & M. Ins. Co. v. Connecticut Mut. F. Ins. Co. 105 Minn. 483, 117 N. W. 825.

This rule does not relieve the appellate court from the duty of giving the evidence in every case a careful examination and consideration, as a basis for its determination of the question whether the evidence fairly brings the case within the rule. We have so examined and considered the evidence in this case, aided by the able memoranda of the learned trial judge and the exhaustive and efficient briefs of respective counsel, and have reached the conclusion that the evidence sustains the finding in question. The evidence is voluminous, filling some two thousand pages of the printed record, which makes this case a proper one for the application of the rule that it is not the duty of an appellate court to demonstrate, by a review of the evidence, the correctness of findings of fact by the trial court. Carver v. Bagley, 79 Minn. 114, 81 N. W. 757.

The next contention of the plaintiff is that the court erred in sustaining defendant's objection to the admission of evidence of prior art patents offered by him. A consideration of this claim requires a brief reference to the conflict in the testimony of the respective parties. They were alone at the time plaintiff claims that the oral contract alleged in the complaint was made. The plaintiff testified to conversations between the parties tending to show that the contract was made as claimed by him. The defendant testified to the effect that no contract, relating to the invention and the patents therefor, known as the flat slab or mushroom construction, alleged in the complaint, was ever made. There was therefore no direct evidence as to whether the alleged contract was made by the parties, except their respective testimony which was in this respect radically conflicting. Such being the case, evidence of collateral facts having a direct tendency to show that the testimony of the one was more reasonable and credible than that of the other was admissible, subject to the exercise of a fair discretion of the trial court in the premises. Philips v. Mo, 91 Minn. 311, 97 N. W. 969.

A great volume of evidence of such collateral facts was offered by the respective parties in the case and rightly received, in view of the importance of this case and the sharp conflict in the direct evidence, relevant to the issue whether the alleged oral contract was ever made. It is claimed by the plaintiff that it was reversible error to sustain the defendant's objection to the admission of evidence of the prior art patents, for the reason, with others of like kind, that it was necessary for the court to understand exactly the patentable features of the flat slab or mushroom invention at the time the alleged oral contract was made, in order to apply the testimony to the oral contract. We are unable to concur in this view of the offered evidence, for the scope or validity of the invention and patent therefor which is claimed constituted the subject matter of the alleged contract, or the scope or character of prior art patents, has but little, if any, relevancy to the question whether the oral contract was made as plaintiff claimed. In any event we are of the opinion that in the last analysis the question in this connection is, whether the court abused its discretion in rejecting the evidence. We hold that the ruling of the court in sustaining the objection was not reversible error.

The last contention of the plaintiff is that the trial court erred in not granting a new trial on the ground of newly discovered evidence. The alleged newly discovered evidence related to collateral facts. It was cumulative and some of it newly remembered. We are of the opinion that the trial court did not abuse its discretion in denying the motion for a new trial on the ground of newly discovered evidence.

Order affirmed.