## MINNIE FREEBURG v. CAROLINE HONEMANN.[1]

June 12, 1914.

Nos. 18,583—(115).

**Specific performance — complaint — evidence.**

In an action for specific performance by the vendee against the vendor and for the cancelation of a real-estate security given by the vendee in connection therewith, it is *held* that the complaint states a cause of action warranting the relief asked, and the evidence sustains the findings made and the judgment based thereon.

Action in the district court for Nicollet county to obtain a conveyance of certain premises described in the complaint pursuant to the written contract between the parties, upon the payment by plaintiff of the unpaid purchase price, and to declare a certain deed from plaintiff and her husband to defendant to be a mortgage. The facts

1 Reported in 147 N. W. 827.

are stated in the opinion. The case was tried before Olsen, J., who made findings and ordered judgment that plaintiff's deed be declared a mortgage and that defendant convey to plaintiff the property in question and reconvey to plaintiff the land described upon payment by plaintiff of the sum of $604.73. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed..

*H. L. & J. W. Schmitt, Thomas Hessian* and *Gideon S. Ives,* for appellant.

*M. E. Stone* and *Davis & Olsen,* for respondent.

HOLT, J.

On January 17, 1905, plaintiff acquired from defendant a lot with buildings in St. Peter, Minnesota. The deal was apparently conducted by the husbands of the parties hereto. Defendant's husband died before the action was begun. The parties were related, the plaintiff being niece of defendant's husband. It appears that the defendant and her husband, because of the latter's illness, desired to dispose of their property and business, being the premises mentioned, whereon they were conducting a small hotel or boarding house and saloon. In selling to plaintiff, an intention, on the part of defendant and her husband, may be inferred from the record to assist a destitute relative to get a start in business upon very favorable terms and at an extremely low price. After the parties had agreed on the terms Mr. Benson, an attorney of St. Peter, was called in by defendant's husband to draw the necessary instruments. There was signed and delivered an executory contract for the sale and conveyance by defendant and her husband to plaintiff of said lot in St. Peter for $1,700, of which $200 was to be paid January 17, 1906, and $300 on the seventeenth of January each succeeding year until the whole amount was paid, together with 5 per cent interest on the amount remaining unpaid, and also to keep the buildings insured for $1,800, loss, if any, payable to defendant. Plaintiff also received from defendant a bill of sale of the saloon fixtures, stock, and furniture in the building for a consideration of $450 recited therein. Plaintiff, her husband joining, also executed and delivered

to defendant a deed to 160 acres of land in Kanabec county for the stated consideration of $1,600. At the same time a bond for a deed, executed by defendant, was delivered to plaintiff, conditioned to convey to plaintiff on January 17, 1911, this Kanabec county land upon being paid $1,600 according to the conditions of a promissory note of even date, executed by plaintiff and husband, bearing no interest. The note when prepared by Mr. Benson contained a blank space where the amount of interest is usually inserted. At the trial it appeared that some one other than Mr. Benson had inserted the word five in this blank space of the note. After the transaction plaintiff took possession of the property in St. Peter and from time to time made certain payments. After the death of defendant's husband serious differences arose as to the amount due and what rights if any plaintiff had in the land covered by the bond for deed. Plaintiff brings this action, setting forth the execution and delivery of the contract, deed and bond mentioned, the payment of part and offer to pay the amount still due on the contract of purchase, a dispute as to this amount and the steps taken by defendant to cancel the contract notwithstanding the tender of performance. She asks for a decree that defendant be restrained from canceling the contract and that she be compelled to perform by conveying the premises in St. Peter to her, also that the deed and bond of the Kanabec county land be declared a mortgage to secure the payment of the sums stipulated in the executory contract for the conveyance of the St. Peter property, and that defendant be required to reconvey the land to plaintiff. The defendant in her answer, as well as upon the trial, took the position that the consideration for the lot she agreed to convey and for the personal property sold was the Kanabec county land at the agreed value of $1,600 and in addition the $1,700 which plaintiff agreed to pay in the contract. She also claims that the note which accompanied the contract was, through the scrivener's mistake, made for $1,600 instead of $1,700. She insisted that she had not executed the bond for deed, but on the trial, after much evasion, admitted her signature thereto. Plaintiff's claim is that the whole purchase price for both real estate and

personal property was only $1,700, and that the deed and bond for deed for the 160 acres of land was merely to secure the payment of the $1,700 mentioned. We have examined the record with great care and appreciate fully the difficult and responsible task the trial court faced in determining the facts herein. The attorney who drew the documents was unable to recollect, after such great lapse of time, any details except as he gathered them from the writings. However, he did remember that he was called by defendant's husband, and from him received the principal information in relation to the transaction and as to how the parties desired to carry it out. Defendant's husband appears to have been the controlling spirit among the parties. Defendant seems not to have taken any active part in the deal, nor to have heard but fragments of the negotiations. She knew of such details only as her husband had seen fit to tell her. And judging from the printed page her testimony is, to say the least, unreliable. Neither plaintiff nor her husband were permitted to state the conversation with the deceased Mr. Honemann. So that the chief guide to a solution of the facts is to be sought in the situation of the parties, their subsequent conduct, the value of the property involved, and the writings themselves. The court found that plaintiff's contention as to the transaction was correct, and granted the relief she asked. The defendant appeals from the judgment.

Appellant's first contention is that the complaint is insufficient to warrant the relief granted. It is said the deed, sought to be declared a mortgage, being claimed to be a security for an obligation other than that specified in the defeasance (or the other instruments given in connection therewith), and there being no allegations of mistake in the written documents, but merely a conclusion stated as to the intention of the parties that the deed should stand as security for the money due on the land contract, there is not an adequate statement of facts upon which a court of equity may act. The position is not tenable. The complaint sets forth the executory contract for the sale of premises in St. Peter to plaintiff; that she has paid all except a certain sum which she has tendered defendant, and which

tender has been kept good; that defendant claims a much larger sum is due and has taken steps to terminate the contract; that plaintiff desires to have the court determine the correct amount due, which sum, when so determined, plaintiff is ready and willing to pay, and then sets out that the deed to the Kanabec land was given as security for the payments plaintiff was to make under the contract for the St. Peter property, and that the bond for deed and note were given in connection therewith. If these allegations be true, it is obvious that plaintiff is entitled to have her title to the Kanabec county land in the same condition, when she has fully paid the purchase price for the St. Peter premises, as it was in just prior to the placing of it as security. Reconveyance to her and surrender of the bond and note should follow as a matter of course when the debt secured thereby is paid. This matter concerning the land would be incident to the chief purpose of the suit, to compel specific performance of the contract to convey the lot. It is part of an entire transaction which a court of equity, when once called upon to deal with, will completely dispose of as between the parties to the action.

All other assignments of error relate to the acceptance by the court of plaintiff's claim of the transaction instead of defendant's. As already intimated inconsistencies and ambiguities appear in the documents executed by the parties which are difficult to harmonize or solve. The purchase price of the St. Peter property seems extremely low, when the personal property which was included in the sale is considered. The taxes on the 160 acres of land were paid by defendant ever since the deal was made. And when plaintiff first tendered the balance due under the contract, the demand for conveyance was confined to the lot. On the other hand, the bond for deed is not explainable on any theory consistent with defendant's contention. She asserts the land was exchanged absolutely for the lot. The note undoubtedly is part of the transaction, it is referred to in the bond for deed. It would appear that the amount thereof, as well as the consideration in the bond and deed was an error, and $1,700 should have been inserted instead of $1,600, for, when the first year's interest was paid, the amount, $85, correspond-

ing to 5 per cent stipulated on $1,700, was credited not only on the contract, but also on this note and in the handwriting of either defendant or her husband. Thus indicating also that the amount payable under the bond was one and the same thing as the amount payable under the contract and not two separate items or sums. As confirming the conclusion that the note, deed and bond for deed were security merely for the payments stipulated in the contract, it should be observed that the note as drawn by Mr. Benson contained no interest, it was so described in the bond, and it matured with the last payment of the contract.

We do not consider that the question whether the deed to the Kanabec land was given as security rests entirely upon doubtful parol testimony. The other writings referred to strongly support plaintiff's claim that the land was intended to be held by defendant as security merely. The trial court has evidently given the matter careful consideration, for upon the first trial he concluded that in the deal the land was traded in, plaintiff reserving an option to get it back on January 17, 1911, by paying $1,600, without interest. He considered he was wrong and granted a new trial. The present findings are the result of mature reflection. We feel that this court should not interfere with the findings upon this record. The trial court, even in cases where much depends upon documentary evidence, receives aid from the very manner and appearance of the witnesses who do take the stand, which does not come to an appellate court, and hence there is reason for the rule that only when the findings are manifestly or palpably without support should this court interfere. See cases cited under 1 Dunnell, Minn. Digest, § 411; Wunder v. Turner, 120 Minn. 13, 138 N. W. 770; Wann v. Northwestern Trust Co. 120 Minn. 493, 139 N. W. 1061; Pennington v. Roberge, 122 Minn. 295, 142 N. W. 710. But, even in cases submitted upon written evidence alone, this court must give the same deference to the findings of the trial court. Humphrey v. Havens, 12 Minn. 196 (298); Cornish, Curtis & Greene Co. v. Antrim Co-Op. Dairy Assn. 82 Minn. 215, 84 N. W. 724; Treat v. Kellogg, 104 Minn. 54, 115 N. W. 947. The binding force of the findings of the trial court upon

appeal is equally strong, whether the case be one wherein plaintiff is required to establish his cause of action by a mere preponderance of the evidence, or it be one where he must adduce clear, convincing and satisfactory evidence in order to prevail. Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A, 854.

We cannot hold that the findings of fact are palpably or manifestly without support in the record; on the contrary, we must say that they are fairly sustained.

Judgment affirmed.