B. M. GATES v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY AND ANOTHER.[1]

October 15, 1915.

Nos. 19,541—(74).

**Appeal and error — reversal of order denying a new trial.**

A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial court. An order denying a new trial on this ground will be reversed on appeal only where it violates a clear legal right of the appellant or involves an abuse of discretion. The showing made in this case is not sufficient to warrant a reversal.

[1] Reported in 154 N. W. 441.

Action in the district court for Martin county against defendant railway company and George Smith to recover $10,000 for personal injury received while a passenger upon defendant's train. The case was tried before Quinn, J., and a jury which returned a verdict in favor of defendants. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Dunn & Carlson, Frank G. Sasse* and *Albert R. Allen,* for plaintiff.

*F. W. Root, Nelson J. Wilcox* and *John E. Palmer,* for respondent.

HALLAM, J.

Plaintiff was a passenger on one of defendant's passenger trains. His claim is that, as the train approached the depot platform at Fairmont, Minnesota, it came to a stop, and, while he was alighting, it was started suddenly and without warning, and plaintiff was thrown upon the depot platform and injured. He brought this action to recover damages. Plaintiff's testimony on the trial tended to sustain his claim. One other witness corroborated him. Witnesses on behalf of the defendant contradicted this claim. The jury found for defendant. Plaintiff then moved for a new trial, on the ground that two new witnesses had been discovered since the trial. The trial court denied the motion, and plaintiff appeals.

Motions for new trials on this ground are granted with great caution and are addressed to the discretion of the trial court. The action of the trial court will not be reversed by an appellate court, unless it appears that it violated a clear legal right of the appellant, or that it involved an abuse of judicial discretion. Lampsen v. Brander, 28 Minn. 526, 11 N. W. 94. Applying these principles, we see no ground for reversal. Cardwell, one of the newly discovered witnesses, was a 'bus man who was regularly at the depot on the arrival of trains. This was well known to the plaintiff, in fact Cardwell told one of plaintiff's witnesses of the happening of the accident. In the preparation of plaintiff's case, Cardwell was discussed as a prospective witness, but, upon information from some source that he did not see the accident himself, he was not interviewed. The other newly discovered witness was a young man at times in the employ of local hotels in Fairmont. The proposed evidence of both these witnesses is for the most part corroborative and cumula-

tive. The action of the court in denying plaintiff's motion for a new trial was not an abuse of discretion, nor did it violate any clear legal right of plaintiff. The order should, therefore, be affirmed.

So ordered.