## S. A. MISZEWSKI v. HECTOR BAXTER.[1]

### December 20, 1918.

### No. 20,959.

**Action for money deposited — assignment of claim admissible in evidence.**

1. It was not error to receive in evidence a written assignment of a claim against defendant for money deposited with the defendant by the assignor, although, for the convenience of the assignor, the receipt for the money was taken in a relative's name, the transaction being between the assignor and the defendant, and the money belonging to the assignor.

**Same — oral contract distinct from written contract.**

2. The case of plaintiff was predicated upon the existence of an oral contract between him and defendant, separate and distinct from the written contract between plaintiff and a third party relating to the purchase of certain lots, under which oral contract the purchase price of the lots was to be held by defendant, as trustee of plaintiff, until plaintiff determined whether he would consummate the purchase. If such independent oral contract existed, plaintiff was not concluded by the provision of written demand contained in the written contract not executed by defendant.

**New trial — surprise — discretion of court.**

3. The denial of the motion for a new trial on the ground of accident, surprise and newly discovered evidence does not show abuse of judicial discretion. That a litigant produces proof in support of the allegations of his pleading cannot be held a legal surprise on his adversary. Due diligence to secure the newly discovered evidence was not shown.

**Assignment of error.**

4. The error assigned on a ruling excluding certain testimony is without merit.

Action in the district court for Hennepin county to recover $2,600 upon three contracts for the purchase of land. The answer admitted the receipt of $1,200 from plaintiff and the execution of a contract of

[1]Reported in 169 N. W. 800.

purchase between plaintiff and W. G. Campbell, and specifically denied that any demand was made by plaintiff upon defendant in the 90 days, as provided by the written contract. The case was tried before Jelley, J., and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying his motion for a new trial and his motion to amend his answer, defendant appealed. Affirmed.

*H. V. Mercer & Co.,* for appellant.

*Kerr, Fowler, Schmitt & Furber,* for respondent.

HOLT, J.

One Campbell was engaged in promoting the sale of townsite lots in Mexico, on or near the Gulf of California. Plaintiff, J. R. Bastedo, and Robert Machan were induced to sign contracts for the purchase of lots in the townsite of Athens, Mexico. Plaintiff was to pay $1,200, and the other two $700 each. Bastedo took the contract in the name of his brother and Machan in the name of his wife. Campbell signed as vendor. Each contract contained this provision: "Now then, this agreement witnesseth: That the said seller will at any time, within ninety (90) days from date, refund to the said buyer, all moneys which have been paid upon said lots, on demand being made for the refund of said money in writing; it being understood that the demand for said refund is for the reason that said buyer is not satisfied with the said lots." Below the signatures is this postcript: "This agreement is deposited with Hector Baxter, Trustee, with whom demand in writing must be filed to be acted upon by Mr. Campbell." It appears that part of the bargain was that the purchasers were to take a trip to Mexico and examine the lots, and if they were not then satisfied the sale would not be consummated. The purchasers were not willing to rely on Campbell's covenant in the contract, and pay the purchase price to him, but consented to pay it to defendant, he to hold it as their trustee, until they had had time to examine the lots and determine upon their course. Each purchaser paid the sum stated to defendant who gave them receipts signed "Hector Baxter, Trustee." The parties started on the trip to view the property. From Tucson, Arizona, Campbell took them by automobile down into Mexico, but for some reason he brought them only as far as the townsite Libertad. There is some testimony to the effect that

141 M.—15.

Campbell was negotiating with plaintiff to substitute lots in Libertad for the ones in Athens. After their trip the parties demanded the return of their money. No claim is made that Machan or Bastedo filed a written demand with Baxter. Plaintiff testified to a written request, but that became unimportant in view of the theory upon which the case was submitted to the jury. The money was not returned. Bastedo and Machan assigned their claims to plaintiff. Plaintiff had a verdict for the full amount paid by the three parties mentioned, and defendant appeals from the order denying a new trial.

The errors assigned are grouped and discussed by appellant under four heads, and will be considered as presented.

The first is that Bastedo and Machan had no claim against defendant to assign to plaintiff, and therefore it was error to receive their written assignments in evidence. The objection is based on the technical point that the receipts given by defendant for the money deposited with him are in the names of Bastedo's brother and Machan's wife, and that likewise the same names appear as vendees in the contracts. We think there is no real merit to the claim. The money deposited belonged to J. R. Bastedo and Robert Machan; they personally made the contract with defendant, and testified that he told them: "Boys, go on and take your trip to Mexico, and when you come back if you ain't satisfied, your money is here for you." All the parties concerned in the deal knew that Bastedo and Machan caused the names of the brother and the wife to be used instead of their own as a matter of convenience only, and that the transaction with defendant, as well as with Campbell, was for the personal benefit of the ones who actually deposited the money. J. R. Bastedo and Robert Machan demanded the money of defendant before the assignments to plaintiff. No suggestion was at any time made that the demand should have been made by the brother of Bastedo or the wife of Machan.

The contention is made that the agreement was in writing and provided for a written demand within 90 days from the date of the sale contract; no written demand was filed with defendant within that time, and hence there can be no recovery. The theory upon which plaintiff tried the case was that, notwithstanding the written contract with Campbell contained a refund provision, the vendees would not

pay the purchase price to him, but insisted upon a separate contract with defendant, and thereupon an oral contract was made with the latter, whereby he agreed to receive from them the money they had agreed to pay for the lots, to hold it as their trustee, and to refund it on demand, if, after the contemplated investigating trip to Mexico, they were not satisfied with conditions. Plaintiff's recovery was predicated upon the existence of an oral contract between the vendees and defendant, entirely separate and apart from the written contract with Campbell. The jury were specifically instructed that, unless plaintiff adduced a preponderance of evidence establishing such oral contract, no recovery could be had. In this oral contract there was no provision that the demand for a return of the money should be in writing. We have not overlooked some testimony of plaintiff, tending to show that the agreement with defendant was reduced to writing, and that he likely had in mind the Campbell contract; for, when all the circumstances are considered, we think it was for the jury to determine whether or not there was an oral agreement with defendant apart from the written agreement with Campbell. Defendant signed the Campbell agreement as a witness only. He was not bound by any of its terms. He did receive the money and gave a simple receipt, containing no conditions upon which it was held. We think there was no legal objection to the proof of an oral contract such as the complaint alleged and the jury found.

With great earnestness and skill defendant presents his claim to a new trial because of accident, surprise and newly discovered evidence. We fail to see how defendant, under any legal rule, can maintain that he should be accorded a new trial because of accident or surprise. Plaintiff testified that the written demand was served on defendant in his office in Minneapolis, March 18, 1916, and defendant says that he is now in position to prove positively that he was then in Duluth. In the first place, whether a written demand was served is not very material. It bears only upon the credibility of plaintiff. And in the second place, when plaintiff's whole testimony is examined, it does appear that he was not at all certain that such written demand was made on the date mentioned. The affidavits in support of the motion for a new trial lay much stress on the fact that defendant, in his preparation for

the trial, took for granted that plaintiff and his witnesses would testify to the truth, and, when he discovered that they did not so do, he was surprised. Defendant was bound to anticipate that plaintiff would produce evidence tending to support the allegations of the complaint, and his so doing cannot be held a legal surprise on defendant. No effort was made during the trial to get a continuance on the ground of surprise. George A. Hormel & Co. v. Minneapolis St. Ry. Co. 130 Minn, 469, 153 N. W. 867.

A good deal is said about newly discovered evidence; some of this being commission agreements in respect to the sale of lots and lands in Mexico between Campbell, Bastedo and Machan, prepared by defendant and kept in his vault, but misplaced, also letters of glowing commendation of the lands prepared by Campbell and signed by Bastedo and Machan, also statements of plaintiff and his assignors to various persons that they were satisfied with the townsites and the conditions in Mexico. This evidence is largely cumulative, and, if anything, reveals how Campbell and his associates tried to work off worthless townsite lots in the state of Sonora, Mexico, by giving plaintiff, Bastedo and Machan commission contracts by means of which the lure was held out that they could easily earn some thirty-five or forty thousand dollars. One might surmise that the commissions were a ruse to divert the attention of the parties from the conditions under which the money was deposited with defendant until too late to obtain a refund. It should be said that there is nothing connecting defendant with this scheme, other than he was Campbell's lawyer in preparing all the contracts. The court was also justified in declining to grant a new trial on the ground of newly discovered evidence, for, insofar as such evidence was material, there was not a sufficient showing of due diligence.

As an instance of lack of diligence or inattention to a proper consideration of the defense, we note that defendant testified that he retained the money, and all of it, for the full period of 90 days, and then paid it over to Campbell, but the cross-examination developed that he had not sufficiently examined his bank accounts or other data so as to be able to give any information as to the date or manner of payment or whether he had paid him in cash or by check. On the motion for a new trial he claims that, with consent of plaintiff and his assignors, he immedi-

ately, upon receipt of the money, turned over $1,000 thereof to Campbell. It is unfortunate for defendant if his memory. is so treacherous that he could not recall this circumstance before or during the trial. But surely the trial court was warranted in finding lack of due diligence here, for defendant being a lawyer of ability and ripe experience, must have realized that an important inquiry, necessarily coming up at the trial, would be when and in what manner he did dispose of the money entrusted to him by these three parties. One would expect that he had prepared carefully on this question and produced all the available evidence thereon at the trial.

We are unable to hold that the learned trial court abused judicial discretion when refusing a new trial on the ground of newly discovered evidence. Nelson v. Carlson, 54 Minn. 90, 55 N. W. 821; Gragg v. Empey, 105 Minn. 229, 117 N. W. 421; Wunder v. Turner, 120 Minn. 13, 138 N. W. 770; Gates v. Chicago, M. & St. P. Ry. Co. 131 Minn. 3, 154 N. W. 441.

The last contention is that the court erred in sustaining an objection to this question asked by defendant of one of his witnesses: "Did they (plaintiff and his assignors) express themselves to you as pleased or displeased with the proposition as shown them in Mexico?" This was in reality immaterial, for there is no contention that Campbell took these parties within 100 miles of the lots they were to buy. And defendant's counsel seems to have been of the same mind, for he dismissed the witness when he obtained an affirmative answer to the next question asked, which was this: "You have heard Mr. Bastedo and Mr. Machan make the remark on the witness stand that they were displeased with the proposition at Libertad, or that they didn't see Athens, but they did see Libertad?"

We discover no legal ground upon which this court may reverse the order of the court below.

Order affirmed.