## STATE BANK OF GIBBON v. THEODORE O. WALTER.[1]

April 9, 1926.

No. 25,121.

**Weight given in supreme court to findings based on testimony not given in presence of court.**
1. This court under established practice must give the same effect to findings of the trial court made upon depositions or stipulated testimony as upon testimony given by witnesses orally in the presence of the court.

**Finding sustained that conveyance was in fraud of creditor.**
2. The finding herein to the effect that defendant as grantee received a deed from his brother, grantor, without consideration and with the fraudulent intent on the part of both to hinder and delay plaintiff, a creditor of the grantor, is sufficiently supported.

Appeal and Error, 4 C. J. p. 889 n. 88.
Fraudulent Conveyances, 27 C. J. p. 830 n. 17; p. 835 n. 64.

Action in the district court for Renville county to set aside a conveyance as fraudulent as to plaintiff, a creditor. The case was

[1] Reported in 208 N. W. 423.

tried before Baker, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*Murray & Baker* and *G. A. & C. H. McKenzie,* for appellant.

*Young & Quandt,* for respondent.

HOLT, J.

Action to set aside a conveyance fraudulent as to plaintiff, a creditor. Findings in favor of plaintiff, and defendant appeals from the order denying him a new trial.

S. A. Walter, a brother of defendant, was indebted to plaintiff on a $2,500 promissory note. Subsequent to its execution and during the pendency of litigation concerning the same, the conveyance herein sought to be set aside was made by S. A. Walter to defendant. Plaintiff obtained judgment upon the note against S. A. Walter, and in supplementary proceedings therein both the judgment debtor and this defendant, the grantee in the conveyance, testified, as well as certain other witnesses, and by stipulation the case was submitted for decision upon the testimony thus taken and that of one other witness heard in court.

Because the trial court did not have the witnesses before him, we are urged to regard the case as a trial de novo, or at least not to give the usual weight to the findings. Established practice of this court is to view the findings in such a case the same as if all the witnesses had testified in the presence and hearing of the trial court. Humphrey v. Havens, 12 Minn. 196 (298); Treat v. Kellogg, 104 Minn. 54, 115 N. W. 947; Wunder v. Turner, 120 Minn. 13, 138 N. W. 770; Freeburg v. Honemann, 126 Minn. 52, 147 N. W. 827.

The close relationship between grantor and grantee; the attempt at secrecy by not having the scrivener usually employed by the grantor in his home town to draw instruments of that kind, but going to one in another place; the improbability that defendant was not aware of his brother's litigation concerning the promissory note mentioned; the nonproduction of the pretended promissory notes claimed to evidence the alleged debt, of many years standing, that were to serve as the consideration for the conveyance; the inade-

quacy of the consideration stated in the deed; the near coincidence in time of the grantor's abandoning the litigation in respect to the $2,500 note and the making of the deed to defendant; the disposing by the grantor of all property out of which plaintiff might try to collect the debt; the indefinite arrangement under which the grantor was paid for his daily work; and the testimony at times so evasive as to indicate a conveniently failing memory on the part of both parties to the deed, were all matters in which the trial court could find earmarks of fraud.

Direct proof of fraud is seldom available. And generally earmarks or badges of the sort and number here indicated furnish sufficient data for the finding of a fraudulent purpose of both grantor and grantee to place the property beyond the reach of the judgment creditor. It cannot be said that the finding to that effect in the case at bar is without adequate support. There were such inherent improbabilities in the testimony of the Walters that the court was not bound to accept their claim that there was a debt of $1,200 due defendant for money borrowed by S. A. Walter in 1913, as the consideration for the deed. Olsson v. Midland Ins. Co. 138 Minn. 424, 165 N. W. 474; Stephon v. Topic, 147 Minn. 263, 180 N. W. 221. The law bearing on conveyances given with intent to hinder and delay creditors of the grantor, has been stated in many decisions in this state, and requires no discussion so far as applicable to the facts herein. The court found this conveyance was made without consideration, and refused to find that there was a consideration for it. That really disposes of the case, making it a voluntary conveyance constructively fraudulent as to existing creditors.

This circumstance in itself clearly distinguishes the case from Aretz v. Kloos, 89 Minn. 432, 95 N. W. 216, 769, where not only a bona fide consideration was proven beyond question, but such consideration was equal to the full value of the property conveyed. Had the court found the deed based upon a bona fide indebtedness from S. A. Walter to defendant, the inadequacy of the consideration stated in the deed would not have been of so great importance. If defendant was also a creditor of S. A. Walter the same as plaintiff,

the deed could not have been avoided herein in toto as a preference. But with no consideration, it could not stand as a gift against the claim of plaintiff, an existing creditor of the grantor. The findings cannot be disturbed.

The order is affirmed.