J. W. PETTERSEN v. HELENE S. FOSSEEN AND ANOTHER.[1]

April 12, 1935.

No. 30,176.

[1]Reported in 260 N. W. 225.

266

*John C. Zehnder*, for appellant.

*Junell, Driscoll, Fletcher, Dorsey & Barker*, for respondents.

I. M. OLSEN, JUSTICE.

Plaintiff brought suit against the defendants to recover rent for the apartment hereinafter mentioned for the months of January to August, 1932, inclusive. Defendants had a verdict in the court below. Plaintiff appeals from an order denying his motion for a new trial.

Plaintiff leased to the defendants an apartment in a building in St. Paul for a term commencing October 1, 1931, and ending August 31, 1932, at a monthly rental of $78, payable in advance on the first day of each month, but with the proviso that such rent might be paid on or before the fifth day of each month and, if so paid, a discount of five dollars would be allowed on each such payment. The defendants occupied the apartment from October 1 up to December 5, 1931, and on that day vacated same. In the meantime, on December 3, 1931, the plaintiff had commenced an action in unlawful detainer against these defendants to recover possession of the apartment, claiming that defendants had violated the terms of the lease in several particulars. While there was also a claim that defendants had defaulted in payment of their rent for Decem-

ber, that claim is not seriously urged, and it is apparent that under the lease there was no default in payment of rent on December 3, 1931. The defendants by their answer in the present action denied any breach of the lease on their part, and alleged breach thereof by plaintiff by commencing the action in unlawful detainer and taking possession of the premises thereunder, claiming that they surrendered possession after such action was commenced. Defendants further claim that after the action in unlawful detainer was brought and possession surrendered there was a compromise and settlement of all the claims between the parties for any further rent by the payment of $83.50 to plaintiff in December, 1931.

■ The court submitted to the jury the question of whether there was any breach of the conditions of the lease by the defendants and, if they found there had been, then the further question of whether there had been a compromise and settlement of the plaintiff's claim for rent, and instructed the jury in effect that plaintiff was entitled to recover unless they found either that there had been no breach of the conditions of the lease by defendants at the time plaintiff repossessed the premises, or else that there had been a full compromise and settlement of plaintiff's rent claim; but that, if they found that there was no breach of the conditions of the lease by defendants and that plaintiff wrongfully retook possession of the premises, or if they found that there had been a full compromise and settlement of the claim for rent sued for, then in either such case they were to find for the defendants. These were the two decisive issues of fact submitted. There was a further charge, not here important, as to plaintiff's duty to make reasonable effort to relet the premises.

There were no objections or exceptions to the charges given at the time of the trial. In the motion for a new trial practically the entire charge is covered by assignments of error. The charge correctly states the rules of law applicable to the two decisive issues of fact in the case. The only question we find presented by these numerous claims of error is whether there was evidence to go to the jury on each of the two decisive issues of fact. Unless the evidence wholly fails to sustain the verdict or to justify submitting

one or both of these issues of fact to the jury, the verdict, as far as the charge is concerned, should stand. An examination of the record leads to the conclusion that there is evidence sufficient to justify submitting these two issues to the jury and to sustain the verdict.

■ The question of misconduct of defendants' counsel in his argument to the jury is not presented by the record in this case. The question cannot be presented by affidavits on motion for a new trial where the settled case fails to show what was said by counsel or that there was any objection or exception thereto, or that the matter was in any way called to the attention of the court at the trial. Sigvertsen v. Maney Brothers M. & Elev. Co. 182 Minn. 387, 234 N. W. 688.

■ It is assigned as error that the court failed to charge as to the effect of the alleged judgment in justice court. There was reference to some judgment in an unlawful detainer action. Plaintiff was asked to produce the judgment. He did not do so. Plaintiff's counsel stated: "I don't know why we should produce it. If counsel wants it he can get it." It is clear that no claim was presented at the trial as to this alleged judgment being a bar or conclusive as to any issue in the case. It is too late now to raise a question as to something that was not even suggested to the court at the trial.

■ Claim is made that there was accident and surprise because the defendants and their witnesses did not testify the way plaintiff expected. The testimony was directed to the issues as made by the pleadings, and plaintiff cannot well claim surprise or accident because the defendants' witnesses testified in their own favor on an issue made by the pleadings. Miszewski v. Baxter, 141 Minn. 224, 169 N. W. 800. There is a claim that a new trial should be granted for newly discovered evidence. The newly discovered evidence was evidence to contradict testimony presented by defendants, which plaintiff should have known from the answer would be the line of evidence defendants would present.

■ Errors are assigned upon a ruling excluding a letter, exhibit E, wherein plaintiff made a demand for possession of the

premises and stated his claims as to the grounds thereof. The exhibit was self-serving and was not admissible.

■ There was no error in denying plaintiff's motion to strike out all evidence as to accord and satisfaction. As already noted, there was evidence sufficient to take that question to the jury, and it was not error to refuse to strike out the evidence.

■ Finally, there is a claim of fraud and perjury. We find nothing in the record to sustain that claim.

The order appealed from is affirmed.

