ANDREW KLASON *vs.* ADAM RIEGER & another.

### July 15, 1875.

**Defence of Infancy—Personal Testimony of the Defendant, whose Testimony as to other Material Facts is Contradicted.**—To support his defence of infancy, one of the defendants testified that he was only nineteen years of age at the time when he executed the note upon which this action is brought. There was no testimony in the case directly contradicting, or tending to contradict, him in this particular; but, as respects other parts of his testimony, he was contradicted as to material facts by other witnesses in the case. *Held,* that as the burden was upon him to establish his defence of infancy affirmatively, the jury might properly deem his testimony insufficient to support the same, in view of his contradiction as to other matters.

**Charge of Court—Harmless Error.**—Certain inaccuracies in the charge to the jury *held* to have been practically harmless in view of the evidence in the case.

Appeal by defendants from an order of the district court for Dakota county, *Crosby,* J., presiding, refusing a new trial.

*Seagrave Smith,* for appellants.

*Clagett & Searles,* for respondent.

BERRY, J. This is an action upon two promissory notes made by defendants to plaintiff as part of the agreed price of a span of horses sold, or contracted to be sold, by the latter to the former. One defence is that Rieger, at the time of executing the notes, was an infant. The only testimony in support of this defence is that of Rieger himself, who swears that when he executed the note he was only nineteen years of age. There is no testimony in the case directly contradicting, or tending to contradict, him in this particular; but, as respects other parts of his testimony, he is contra-

dicted as to material facts by other witnesses in the case. As the burden was upon him to establish his defence of infancy affirmatively, the jury might properly deem his testimony insufficient to support the defence, in view of this contradiction as to other matters; so that, if their verdict involves a negative of this defence, it cannot be said to be unwarranted by the evidence.

The notes in question were made and dated February 1, 1870, at the time when the agreement as to the sale of the horses was entered into. According to the defendants' version of the agreement, the plaintiff was to deliver the horses to Rieger, on the 1st day of April, in as good condition as they were in at the time the agreement was made. After an illness of three or four days, one of the horses died, but as to the date of his death there was an important conflict in the testimony. The surviving horse was delivered to, and accepted by, Rieger. Among other things, the court instructed the jury as follows: "If you find that the agreement was that Klason agreed, in consideration of the execution of the notes in suit, and other notes, to deliver these horses to the defendants, or either of them, on the 1st day of April, in as good condition as they were at the time the agreement was made, then he assumed the risk attending the keeping of the horses up to that time, and no longer; and if such was the contract, and the horse which died was at Klason's place, in good condition, on the 1st day of April, ready for delivery, then the plaintiff is entitled to recover."

The defendants object to the last sentence of this instruction (1) because of the use of the expression, "in good condition" instead of "in as good condition as he was in at the time the agreement was made." The court was undoubtedly inaccurate; but, considered in the light of the evidence, the inaccuracy was harmless, because there was no evidence nor claim that the condition of the horse had become in any degree impaired, except so far as the

illness of which he died, and which lasted some three or four days only, was concerned.  As respected that illness, the expression " in good condition " was sufficiently comprehensive, the existence of the illness being incompatible with the " good condition " of the horse.  If defendants apprehended injury from such an inaccuracy, they should have called the attention of the court to it specifically, and at the time.

Defendants further object to the last sentence of this instruction because it, in effect, directs the jury that plaintiff's place of residence was the proper place for the delivery of the horse to Rieger.  No place of delivery having been specified in the agreement, defendants insist that the horse should have been delivered at Rieger's place of residence, not at the plaintiff's.  This objection, also, vanishes in the light of the evidence.  The testimony on both sides shows, and it is undisputed, that Rieger was in plaintiff's employ, and residing with plaintiff, on the 1st day of April, so that the plaintiff's place of residence was Rieger's also.  No other points are made in the case.

Order affirmed.