(Opinion published 52 N. W. Rep. 219.)

---

## Mons Anderson *vs.* Nils P. Liljengren *et al.*

Argued May 9, 1892. Decided May 20, 1892.

| 50 | 3 |
| 80 | 423 |
| 50 | 3 |
| 82 | 301 |

**Witness Discredited without Direct Contradiction.**

> A court or jury is not bound to accept the testimony of a witness as true merely because there is no direct testimony contradicting it, if it contains improbabilities and contradictions which alone, or in connection with other facts and circumstances in evidence, furnish a reasonable ground for concluding that it is false.

Appeal by defendants Nils P. Liljengren and Augusta J., his wife, from orders of the Municipal Court of the City of Minneapolis, *Mahoney,* J., made July 23, 1891, refusing their separate motions for a new trial.

Action by Mons Anderson, plaintiff, to recover of defendants $365 rent due under an oral lease of a part of the Sea Block, No. 913 Nicollet Ave., Minneapolis. The wife denied that she was a party to the contract of leasing. The husband counterclaimed for improvements and repairs on the premises, made, he claimed, at the request of the plaintiff after they took possession. A jury was waived, and the issues were tried by the court. Findings were made for plaintiff that both defendants were lessees and owed the sum claimed. The counterclaim was disallowed. Each defendant made a separate motion for a new trial. The motions were denied, and they appealed.

*Merrick & Merrick*, for appellants.

*Ueland & Holt*, for respondent.

MITCHELL, J. The trial court was justified in finding against both defendants upon the cause of action set up in the complaint,— against the defendant Augusta upon the evidence, and against the defendant Nils upon the admissions in his answer. Neither was there any error in the finding that the defendant Nils had failed to prove his counterclaim. The rule undoubtedly is that, where the positive testimony of a witness is uncontradicted and unimpeached, either by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic, it cannot be disregarded, but must control the decision of the court or jury. But a witness may be contradicted by the facts he states as completely as by direct adverse testimony. A court or jury is not bound to accept it as true merely because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions, which alone, or in connection with other circumstances in evidence, satisfy them of its falsity. *Hawkins* v. *Sauby*, 48 Minn. 69, (50 N. W. Rep. 1015;) *Elwood* v. *Western Union Tel. Co.*, 45 N. Y. 549; *Quock Ting* v. *U. S.*, 140 U. S. 417, (11 Sup. Ct. Rep. 733, 851.)

In this case the witness Nils Liljengren was an interested party, and, without stopping to particularize, his testimony was generally so evasive and unsatisfactory, and his statement as to what took

place between himself and plaintiff was in many respects so improbable, and so utterly inconsistent with his own subsequent conduct, that the trial court was fully justified in concluding that it was not true.

Orders affirmed.

(Opinion published 52 N. W. Rep. 219.)