(Opinion published 57 N. W. Rep. 141.)

---

## WILLIAM H. LANG *vs.* EMIL FERRANT.

Argued Nov. 21, 1893.  Affirmed Dec. 6, 1893.

No. 8413.

**Witness discredited without direct contradiction.**

> Although there be no direct evidence contradicting the testimony of a witness, the jury are not bound to accept it as true, where it contains inherent improbabilities or contradictions, which, alone, or in connection with other circumstances in evidence, furnish a reasonable ground for concluding that the testimony is not true.

**Finding sustained by evidence.**

> A finding of fact *held* sustained by the evidence.

Appeal by plaintiff, William H. Lang, from an order of the District Court of Hennepin County, *Frederick Hooker*, J., made March 20, 1893, denying his motion for a new trial.

On August 29, 1881, plaintiff sold and conveyed to defendant, Emil Ferrant, lot four (4) in block six (6) in Oak Lake Addition to Minneapolis, subject to a mortgage for $1,600 given by plaintiff to Mary Scott and David Crim. By a clause in the deed the grantee was to assume and pay this incumbrance. Ferrant's father made the purchase, paid the balance of the consideration and had the lot deeded to his son Emil, as a gift from him. In July, 1882, the father went to Europe and lived there most of the time thereafter until his death in 1888. The mortgage was paid July 7, 1882, and a

satisfaction executed that day by E. S. Jones, attorney in fact for the mortgagees, but it was never recorded. Jones died in 1890. Defendant claimed that his father paid the mortgage, but was unable to prove that he did. Plaintiff made no claim for interest or principal until June, 1891. He commenced this action June 18, 1892, asking to be subrogated to the rights of the mortgagees and for foreclosure. Defendant for answer denied that plaintiff paid the mortgage, and the trial Court so found and directed judgment for the defendant. Plaintiff moved for a new trial and being denied he appeals. The discussion here was upon the evidence, whether it supported this finding of the trial Court.

*F. A. Gilman,* for appellant.

*Jackson & Atwater,* for respondent.

GILFILLAN, C. J. On June 30, 1882, plaintiff conveyed to defendant, Emil Ferrant, a lot in Minneapolis, subject to a mortgage previously executed by plaintiff to secure notes made by him, which the grantee assumed and agreed to pay as part of the consideration for the conveyance.

Of course, as a basis for the right of subrogation to the lien of the mortgagee, to establish which, and to enforce the mortgage, this action is brought, it must be shown that plaintiff paid the mortgage. The court below found as a fact that he did not pay the mortgage. If he did not, it is immaterial who did, and immaterial that the court cannot find from the evidence who did.

If that finding is sustained, it is the end of the case. On the trial the plaintiff testified that he paid the mortgage, and there was no direct testimony contradicting him. "But, although there is no direct evidence contradicting the testimony of witnesses, the jury are not bound to accept it as true, where it contains inherent improbabilities or contradictions, which, alone, or in connection with other circumstances in evidence, furnish a reasonable ground for concluding that the testimony is not true." *Hawkins* v. *Sauby,* 48 Minn. 69, (50 N. W. 1015.)

Plaintiff's statement of the fact of payment, and how he came to make it, has an air of improbability; and taken in connection with his conduct subsequent to the alleged date of payment,—especially the fact that for nine years after that time, and until those who

would be likely to know how the fact was, were all dead, he never suggested a claim on account of it to any one against whom payment would give him a claim, and that no reasonable explanation for the delay and silence was attempted by him,—it seems almost incredible.

The finding of the court was justified by the evidence. Order affirmed.