## FRANCES ROACH v. ÆTNA INSURANCE COMPANY.[1]

June 4, 1909.

Nos. 16,066—(105).

**Question for Jury.**

In an action on a policy of insurance, conditioned that it should be void if the insured premises became and remained vacant for more than thirty days,

[1]Reported in 121 N. W. 613.

it is *held* that the trial court erred in taking from the jury the question
whether the premises had in fact become vacant and unoccupied for the time
stated.

Action of the district court for Clay county to recover $1,096 upon
a policy of fire insurance. The case was tried before Baxter, J., who
instructed the jury to return a verdict in favor of plaintiff for $700
for the loss of the house and such further sum as they found to be
the value of the personal property insured. The jury returned a ver-
dict for $862.75. From an order denying defendant's motion to set
aside the verdict and for a new trial, it appealed. Reversed and new
trial granted.

*Charles S. Marden* and *W. B. Douglas,* for appellant.
*Nye & Dosland,* for respondent.

BROWN, J.

Action to recover on an insurance policy, in which the trial court
instructed a verdict for plaintiff, and defendant appealed from an
order denying a motion for a new trial.

The policy upon which the action is based is the Minnesota standard
form, and contained a provision to the effect that it should be void
if the insured premises became and remained vacant for more than
thirty days. The only defense interposed by the defendant's answer
or at the trial was that plaintiff, the insured, had abandoned the prop-
erty, and that the premises became and remained vacant and unoc-
cupied for more than thirty days preceding the fire. The trial court
instructed the jury in effect that the evidence did not show that the
premises had become vacant and unoccupied within the meaning of
the policy, and of this defendant complains.

A majority of the court are of the opinion that the court erred in
taking this question from the jury. The evidence tends to show that
the premises, a dwelling located near Barnesville, was occupied by
plaintiff at the time the policy was taken out as a house of ill fame;
that some time about September 30 she abandoned the business and
premises, and left them with the intention of not returning; the great-
er part of her furniture was removed and shipped elsewhere; and the
windows of the house were all boarded up to prevent their destruc-
tion. She testified that she left one of the inmates of the house in

charge thereof, and this person testified that she remained in the occupancy thereof, in the condition stated, but after some rearrangement of the remaining furniture, except when on visits to surrounding cities. Other witnesses testified to the appearance of the house subsequent to October 1; that the windows were boarded up, and that no occupants were seen around or about it; while others said that this inmate was seen at the house at some time during October, and that smoke was seen coming from the chimney. Another former inmate of the house testified that she was at the house, and remained there during the absence of the person plaintiff left in charge. Though there is not much direct conflict in the testimony, the court concludes that the question should have been sent to the jury. The inferences to be drawn from the undisputed facts and the credibility of the witnesses were for their consideration, and not for the consideration of the court. The testimony of the two inmates is not, because not expressly contradicted by other witnesses, necessarily to be taken as true, but should be weighed in connection with the facts and circumstances tending to contradict or corroborate them. Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015. The view of the writer of this opinion is that, though the question is perhaps somewhat doubtful, the trial court properly disposed of it as one of law.

The other questions raised by appellant are presented here for the first time, are not covered by the pleadings, nor urged in the trial below, and cannot therefore be considered. White v. Western Assurance Co., 52 Minn. 352, 54 N. W. 195.

Order reversed and a new trial granted.