## OTTILLIE SCHENDEL v. HERMAN MUNDT.[1]

October 6, 1922.

No. 22,940.

Slander—presumption that English words were used—conflicting testimony.

1. It is presumed, when a witness in a slander case states the slanderous words used, that they were uttered in English. And the defendant's testimony that the conversation between him and the witness was in German did not require a finding of the jury to that effect within the rule that uncontradicted testimony cannot be arbitrarily disregarded.

Testimony without prejudice when words were slanderous per se.

2. When the words used are, as here, slanderous per se, the allowance of testimony that they were understood in such sense is without prejudice.

Action in the district court for Steele county to recover $10,000 for slander. The case was tried before Childress, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $100. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Moonan & Moonan*, for appellant.

*A. W. & F. W. Sawyer* and *Brown, Somsen & Sawyer*, for respondent.

DIBELL, J.

Action for slander. There was a verdict for the plaintiff. The defendant appeals from the order denying his alternative motion for judgment or a new trial.

1. The complaint is the ordinary one setting forth in English the words used. The defendant and Palas, to whom the words were

[1] Reported in 190 N. W. 56.

directed, speak German. The defendant says that on the occasion under inquiry they spoke German. Palas is unable to say. Invoking the rule that when slanderous words are in a foreign tongue they must be set out in the complaint, and a translation tendered, so that the use of the words may be denied and the translation challenged, the defendant, having properly preserved his objection, urges that his undisputed testimony should have been credited and that the jury could not find that the words were spoken in English as the trial court instructed it that it must before it found for the plaintiff. This being an English speaking country the presumption is that a conversation related in court by a witness was in English. Heeney v. Kilbane, 59 Oh. St. 499, 53 N. E. 262. Opposing it is the statement of the defendant that it was in German. He is interested. There is no reason why the conversation should not have been in English. There is no testimony that the two usually talked German. Both talked English well. The case is not one for the application of the rule which we recognize that uncontradicted testimony cannot be arbitrarily disregarded. Olsson v. Midland Ins. Co. 138 Minn. 424, 165 N. W. 474; Brown v. City of Minneapolis, 136 Minn. 177, 161 N. W. 503; Lewer v. Minneapolis & St. L. R. Co. 132 Minn. 173, 156 N. W. 6; Second Nat. Bank v. Donald, 56 Minn. 491, 58 N. W. 269; Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015; 3 Dunnell, Minn. Dig. § 10344. The evidence does not require a finding that German was the language used.

2. The allegation of the complaint is that the defendant said that plaintiff, a married woman, was in a fix, that her husband was not to blame for it, and that a certain man, naming him, was the one responsible. In the course of the trial some of the witnesses stated what they understood from the words used. The words were not susceptible of an innocent meaning. They were slanderous per se. Courts understand such language "as other people would." Stroebel v. Whitney, 31 Minn. 384, 18 N. W. 98. So the defendant was not harmed by the testimony of the witnesses that they attached to them the meaning which the law attaches.

Order affirmed.