# RAYMOND OLDENBURG v. WILLIAM PETERSDORFF AND ANOTHER.[1]

October 24, 1924.

No. 24,199.

**Evidence not prejudicial to defendant.**

1. Granting it was error to permit plaintiff to testify what he paid for a dog shot by appellant, no prejudice resulted, for the uncontradicted testimony was that the animal was worth $150 when killed, and the verdict was for $75, the amount plaintiff paid when he bought three years before.

**Exclusion of evidence correct.**

2. The ruling excluding evidence as to the character and habits of the dog was right, since it was offered solely to justify killing him (under the provisions of section 56, c. 400, Laws 1919, as amended by chapter 426, Laws 1923), without any offer of proof that the animal was then being used or trained by any one, or that the field in which he was found was inhabited or frequented by game birds.

**Act of 1919.**

3. The statute is aimed at use by a person of a dog in the prohibited period and place and does not authorize the summary destruction of a dog that accidentally strays into a protected field at a forbidden time.

**Directed verdict proper.**

4. The direction to return a verdict for plaintiff for the value of the dog killed was right.

Action in the district court for Sibley county to recover $450, triple damages for the wilful killing of a hunting dog. The case was tried before Tifft, J., who when plaintiff rested dismissed the action as to William Petersdorff, and a jury which returned a verdict for $75. From an order denying his motion for a new trial, Fred Petersdorff appealed. Affirmed.

*George T. Olsen,* for appellant.

*W. H. Leeman,* for respondent.

[1]Reported in 200 N. W. 446.

HOLT, J.

For the killing of his hound plaintiff recovered a verdict against appellant, Fred Petersdorff, who appeals from the order denying a new trial.

Plaintiff was permitted to testify that he paid $75 for the dog, when he bought him, about 3 years before he was killed. Granting this was error, it should not cause a new trial. The jury awarded no more than $75, although the uncontradicted testimony of the value of the animal when killed was $150. As the record stands, it would appear that the objectionable testimony benefited rather than prejudiced defendant.

Error is also assigned upon rulings excluding evidence as to the habits and character of the dog. This was not offered to affect the value of the animal, but to prove him a nuisance which appellant was authorized to destroy. We think the ruling right. While the answer contained allegations that plaintiff habitually permitted the dog to pursue, hunt and kill game birds and that on the morning he was killed he was pursuing and hunting game birds, mink, muskrat and coon out of season, and wild animals in a field of standing grain of defendant's father, there was no offer of proof that he was hunting or pursuing any protected animal, or that the field in which he then was found was inhabited or frequented by game birds.

The statute under which appellant seeks to justify the killing is section 56, c. 400, p. 438, Laws 1919, as amended by chapter 426, p. 636, Laws 1923, reading:

"The owner or trainer of a dog may take the same afield for the, purpose of training said dog from August 15th to September 15th following, both inclusive, provided that such owner or trainer shall carry no firearms and that no injury be inflicted upon any game birds or quadrupeds contrary to law. The use or training of dogs between December 1st and August 14th following, both inclusive, in fields inhabited or frequented by game birds is prohibited. Any dog so used is hereby declared to be a public nuisance and may be summarily killed by any person."

We are concerned with the applicability of only the last two sentences quoted to the facts of this case. The dog was shot July 8, 1923, as he was running in a field of winter wheat about 80 rods from where appellant lived. The baying of the dog annoyed appellant. He arose, took the gun, went to the field where he saw the grain moving, but could not see the dog. He shot to scare the dog out, as he claims. The dog was hit. When he came in view, appellant concluded the wounds so severe that the animal should be put out of misery at once, and he shot to kill. He admits that at the time he saw no game birds or other animal molested or pursued by the dog.

Dogs are property (G. S. 1913, § 8878). One who wrongfully takes, injures or destroys a dog is answerable to the owner in damages, and, if a dog trespasses or injures another, the owner is liable. Only in two instances do our statutes forfeit without a hearing a dog's life. One is that quoted, and the other applies when he is found worrying or injuring sheep, or where the owner of the sheep finds the dog not under the control of the owner or other person upon premises where the sheep are kept. A statute which permits one person summarily to destroy valuable property of another, should not be extended by construction beyond the express conditions under which it may be done.

We do not believe the quoted statute was intended to authorize any person to kill a highly-priced dog straying during the forbidden season into a field inhabited by game birds. Dogs used to hunt game birds usually need no restraint on account of viciousness. Dogs generally are not confined and, even if tied up or shut in, do sometimes escape. It would not be a reasonable construction of the statute to say that a dog which has escaped from the owner may be shot by any one who finds it in territory where are game birds. The law in terms is aimed at the conduct of the owner. He and the trainer of a dog are forbidden to use it out of season in the fields frequented or inhabited by game birds. When the persons having a dog in charge undertake to use the same contrary to this statute the animal found being so used may be killed, but not otherwise.

We do not mean to hold that there may not be a case where a dog to the knowledge of its owner habitually of its own accord trains in the forbidden fields. But this is not such a case. The dog was a hound, used and trained in hunting coon and skunk, and was not likely to resort to fields frequented or inhabited by game birds. And what is more, there was no proof or offer of proof that any game birds ever resorted to this field where he was killed. Appellant, to be sure, made some loose or general statement that the dog hunted game birds, but when pinned down to facts admitted that he had not seen any game bird molested by the dog, and did not pretend to say that either when he shot the dog or at any other time there were game birds in the field in question.

Upon the pleading and proof tendered plaintiff was entitled to an instructed verdict for the value of the dog.

The order is affirmed.