## GEORGE M. FAILES v. GRACE A. FAILES.[1]

February 5, 1926.

No. 25,031.

**Finding of desertion by wife sustained.**

1. The finding that the defendant deserted the plaintiff is sustained by the evidence; and the testimony of defendant did not require a finding that her refusal to live with him was justified by his ill-treatment of her.

**Evidence did not require finding that plaintiff was cruel to his wife.**

2. The evidence did not require a finding that the plaintiff treated the defendant in a cruel and inhuman manner.

Divorce, 19 C. J. pp. 142 n. 52; 145 n. 62.

Action in the district court for Stearns county for absolute divorce. The case was tried before Roeser, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying her motion for a new trial. Affirmed.

*P. V. Dooley*, for appellant.

*Joel E. Gregory* and *Donohue & Quigley*, for respondent.

DIBELL, J.

Action for divorce on the grounds of desertion. The defendant interposed a counterclaim asking for divorce on the ground of cruel and inhuman treatment. The findings were for the plaintiff upon his cause of action and against the defendant on her counterclaim. The defendant appeals from an order denying her motion for a new trial.

1. The parties were married in 1919. Both had been married before, and each had grown children by a former marriage. From near the beginning of their married life they had troubles and disagreements. The desertion is alleged to have commenced on March 1, 1923. The plaintiff made a case of technical desertion. The de-

[1]Reported in 207 N. W. 200.

fendant sought to justify refusing to live with him because of his ill treatment of her, and the instances to which she testifies are numerous. The plaintiff testified about one of them in his case in chief. In this, a charge by her of a vicious assault, his testimony was entirely opposed to that of the defendant, and the trial court believed him and disbelieved her. He did not testify in rebuttal. The defendant urges that her testimony was undisputed and should have been credited within the rule stated in Second Nat. Bank v. Donald, 56 Minn. 491, 58 N. W. 269, and followed in many later cases. The rule does not control. The defendant's testimony was of a character easily exaggerated, and naturally so under the stress of determined ill-feeling toward the plaintiff. Besides, the court believed the plaintiff and disbelieved the defendant relative to the assault mentioned, as to the incidents of which both parties could not entertain an innocent misunderstanding; and if the court thought her testimony false as to this incident he might discredit it throughout. That the plaintiff did not meet the defendant's testimony, when the opportunity was afforded him, was a circumstance properly making against him on the particular issue; and presumably it was so considered by the court in weighing the evidence.

2. Evidence of the defendant in support of her counterclaim charging cruel and inhuman treatment was not such as to require a finding in her favor. It was such as to justify one; whether it should be made was for the trial court.

The plaintiff did not testify in rebuttal of her testimony. This was a circumstance against him, as stated in the preceding paragraph, but for the reasons there stated it did not require an acceptance of the defendant's testimony. It was for the trial court to find whether cruelty justifying a divorce was proved.

The issues on the plaintiff's cause of action and on the defendant's counterclaim were of fact for the court. A finding either way on either would be sustained.

Order affirmed.