## T. E. O'LEARY v. OWEN WANGENSTEEN.[1]

### October 12, 1928.

### No. 26,794.

**Statutory authority for killing a dog.**

　　1. Dogs may be killed under statutory authority when they are nuisances, G. S. 1923, § 7287; or when they menace live stock or poultry, G. S. 1923, § 7286, as amended by L. 1927, c. 217, 2 Mason Minn. St. § 7286.

**Common law rule not abrogated by statutes cited.**

　　2. Under the common law one may kill a dog in defense of his property; but the killing must be a fair act of prudence and under circumstances creating a reasonable belief that such killing is necessary to prevent injury. This rule was not abrogated by the above statutes.

**When positive testimony of unimpeached witness may be disregarded.**

　　3. The court or jury cannot disregard the positive testimony of an unimpeached witness unless and until the record shows such improbability or inconsistency as furnishes a reasonable ground for so doing.

**Whether killing of plaintiff's dog was prudent and necessary was question for jury.**

　　4. Upon a consideration of the record, *held* that under the rule

[1]Reported in 221 N. W. 430.

above stated the fact that the dog was shot while chasing defendant's turkeys is established; but whether such killing was prudent and necessary under the circumstances was a question for the jury.

**Village ordinance has no extra-territorial effect.**

5.   An ordinance of a village wherein a dog is domiciled has no application to the killing of the dog while menacing property when outside the village.

**Court correctly refused to submit counterclaim to jury.**

6.   An examination of the record fails to disclose the necessary evidence to take the counterclaim to the jury.

**Charge to jury.**

7.   The instructions to the jury were without substantial error.

Animals, 3 C. J. p. 156 n. 82, 84; p. 157 n. 90; p. 163 n. 33.
Evidence, 23 C. J. p. 47 n. 31; p. 48 n. 39.
Municipal Corporations, 43 C. J. p. 575 n. 91.

———————

See note in 40 L. R. A. 510; 19 L.R.A.(N.S.) 835; 28 L.R.A.(N.S.) 673; L. R. A. 1915C, 359
See note in 10 A. L. R. 689; 1 R. C. L. 1127; 1 R. C. L. Supp. 341; 4 R. C. L. Supp. 71; 1 R. C. L. 1138; 1 R. C. L. Supp. 345; 4 R. C. L. Supp. 72.

Defendant appealed from an order of the district court for Becker county, Roeser, J. denying his alternative motion for judgment or a new trial.   Affirmed.

*Austin & Wangensteen,* for appellant.
*Peter F. Schroeder,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying his alternative motion for judgment non obstante or a new trial.   The action was to recover the value of plaintiff's dog which defendant killed while it was chasing his turkeys.

1.   Dogs may be killed when menacing sheep, G. S. 1923, § 7286, or when they constitute a nuisance within G. S. 1923, § 7287.   The two statutes created two situations in which dogs might be killed. Oldenburg v. Petersdorff, 160 Minn. 402, 200 N. W. 446.   The scope of § 7286 was enlarged by L. 1927, p. 311, c. 217, 2 Mason Minn. St.

§ 7286. It now includes all live stock and poultry but is not applicable to the instant case because this cause of action accrued prior to the enactment of L. 1927, p. 311, c. 217.

2. This defense however is not based upon any statute. It rests upon the rule of the common law, which permits a person to kill a dog in defense of his property. In order to justify such killing it must be under circumstances showing that the killing was a fair act of prudence on the part of the person doing the killing, reasonable regard being had to the value of the dog, the value of the property menaced, and the probability of present or future depredations. In other words, to warrant the killing of a dog for the protection of fowls and domestic animals, the circumstances must be such as to create a reasonable belief that such killing is necessary to prevent injury to such fowls or domestic animals. As is sometimes said, there must be an apparent necessity for the defense, honestly believed to be real, and the acts of defense must in themselves be reasonable. 1 R. C. L. 1127, § 70; 3 C. J. 157, § 498, and 155, § 496; 10 A. L. R. anno. 694; Helsel v. Fletcher, 98 Okl. 285, 225 P. 514, 33 A. L. R. 792, anno. 796; State v. Churchill, 15 Idaho, 645, 98 P. 853, 19 L.R.A.(N.S.) 835, 16 Ann. Cas. 947; Crow v. McKown, 192 Ala. 480, 68 So. 341, L. R. A. 1915E, 372; Hunt v. State, 3 Ind. App. 383, 29 N. E. 933; Sabin v. Smith, 26 Cal. App. 676, 147 P. 1180; Marshall v. Blackshire, 44 Iowa, 475. This rule is not abrogated by the statutes above cited. 3 C. J. 156, § 498; 10 A. L. R. 691; Nesbett v. Wilbur, 177 Mass. 200, 58 N. E. 586.

3. Defendant owned eight turkeys. He testified that plaintiff's dog and another dog chased them; that four turkeys sought safety on the woodpile; two escaped in another way, and two being pursued by the howling dogs ran and flapped their wings. Under these circumstances he admittedly shot the dog. Just how near the dog was to a turkey when shot does not appear. There is no contradicting testimony. There is other testimony corroborating the claim that the dog did in fact chase the turkeys.

Defendant argues that this unimpeached, positive and uncontradicted testimony compels a finding in his favor. The rule is well established in this state that the court or jury cannot disregard

the positive testimony of an unimpeached witness unless and until its improbability or inconsistency furnishes a reasonable ground for so doing, and this improbability or inconsistency must appear from the facts and circumstances disclosed by the record in the case. It cannot be arbitrarily disregarded by either court or jury for reasons resting wholly in their own minds and not based upon anything appearing on the trial. Schwartz v. Germania L. Ins. Co. 21 Minn. 215; Klason v. Rieger, 22 Minn. 59; Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015; Anderson v. Liljengren, 50 Minn. 3, 52 N. W. 219; Lang v. Ferrant, 55 Minn. 415, 57 N. W. 140; Second Nat. Bank v. Donald, 56 Minn. 491, 58 N. W. 269; Burud v. G. N. Ry. Co. 62 Minn. 243, 64 N. W. 562; Drew v. Wheelihan, 75 Minn. 68, 77 N. W. 558; Robbins v. Legg, 80 Minn. 419, 83 N. W. 379; Grover v. Bach, 82 Minn. 299, 84 N. W. 909; Kornig v. Western L. Ind. Co. 102 Minn. 31, 112 N. W. 1039; State v. Halverson, 103 Minn. 265, 114 N. W. 957, 14 L.R.A.(N.S.) 947, 123 A. S. R. 326; Roach v. Aetna Ins. Co. 108 Minn. 127, 121 N. W. 613; Woodworth Elev. Co. v. Theis, 109 Minn. 4, 122 N. W. 310; Ellertson v. Roholt, 109 Minn. 241, 123 N. W. 811; Campbell v. C. N. Ry. Co. 124 Minn. 245, 144 N. W. 772; Lewis v. C. G. W. R. Co. 124 Minn. 487, 145 N. W. 393; Rademacher v. Pioneer Tr. Mfg. Co. 127 Minn. 172, 149 N. W. 24; Cole v. Johnson, 127 Minn. 291, 149 N. W. 467; Lewer v. M. & St. L. R. Co. 132 Minn. 173, 156 N. W. 6; Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827; Baxter v. Brandenburg, 137 Minn. 259, 163 N. W. 516; Olsson v. Midland Ins. Co. 138 Minn. 424, 165 N. W. 474; Stephon v. Topic, 147 Minn. 263, 180 N. W. 221; Deposit Tr. & Sav. Bank v. Hauert, 153 Minn. 102, 189 N. W. 599; Schendel v. Mundt, 153 Minn. 209, 190 N. W. 56; McRae v. Itasca Paper Co. 153 Minn. 260, 190 N. W. 72; Nelson v. McDonald, 153 Minn. 474, 191 N. W. 281; Nelson v. Bullard, 155 Minn. 419, 194 N. W. 308; Kasal v. Picha, 156 Minn. 446, 195 N. W. 280; Goedhard v. Folstad, 156 Minn. 453, 195 N. W. 281; Babich v. Oliver I. Min. Co. 157 Minn. 122, 195 N. W. 784, 202 N. W. 904; West v. First State Bank, 158 Minn. 342, 197 N. W. 850; Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; Flikeid v. New York L. Ins. Co. 163 Minn. 127, 203 N. W. 598; Sheehan v. First Nat. Bank, 163 Minn. 294, 204 N. W. 38; Ben-

son v. County of Marshall, 163 Minn. 309, 204 N. W. 40; Lampi v. James H. Brown Co. 165 Minn. 169, 205 N. W. 953; Failes v. Failes, 166 Minn. 137, 207 N. W. 200; State Bank v. Walter, 167 Minn. 37, 208 N. W. 423; Meyers v. M. St. P. & S. S. M. Ry. Co. 168 Minn. 122, 209 N. W. 892; Miller v. Aetna Ins. Co. 168 Minn. 145, 209 N. W. 887; Turner v. Gackle, 168 Minn. 514, 209 N. W. 626; Muetzel v. Muetzel, 169 Minn. 360, 211 N. W. 320; Barnard v. Seaman, 169 Minn. 409, 211 N. W. 473; Thompson v. Schiek, 171 Minn. 284, 213 N. W. 911; Olsen v. Hoffmann, 175 Minn. 287, 221 N. W. 10.

This rule cannot be nullified by the supposition or guess that the appearance of the witness led to his being discredited. Second Nat. Bank v. Donald, 56 Minn. 491, 58 N. W. 269. To so hold would expose the litigant's property rights to the whim, caprice or notion of the individual trier of fact, which would result in far greater danger than can possibly come from a rigid enforcement of the established rule that the record must disclose the reason or ground for rejecting the positive testimony of an unimpeached witness. To reject such testimony is a serious matter, and the power to do so upon grounds not made to appear upon the record would involve danger in that a person's property rights could be stricken down for reasons which he or an appellate court might never know. The rule is well stated in Second Nat. Bank v. Donald, 56 Minn. 491, 58 N. W. 269. Some of the cases cited restate it, others merely recognize it, and others state the converse of the rule by saying that if the evidence contains improbabilities or contradictions, appearing upon the record, furnishing reasonable grounds for not believing it true, or is irreconcilable with the facts shown by the record, it may be rejected. We recently held that the mere fact that a witness is interested in the outcome of the litigation does not permit the court or jury to reject his otherwise unimpeached testimony. Olsen v. Hoffmann, 175 Minn. 287, 221 N. W. 10. This rule means that the court or jury cannot be permitted arbitrarily to disregard the evidence in the case.

4. Under this well established rule it must be held that the evidence compels a finding that the dog was shot while chasing defendant's turkeys. If such fact alone would justify the killing

defendant would be entitled, under the rule stated, to judgment notwithstanding the verdict. But such is not the law. On the contrary, as above indicated, the killing is justified not by the mere fact that the dog was chasing the turkeys, but the question is presented whether the circumstances created a reasonable belief that such killing was necessary to prevent injury to the turkeys, reasonable regard being had to the value of the dog, the value of the turkeys and the probability of harm to the turkeys. Was such a belief honestly and reasonably entertained by defendant at the time? The location of the turkeys and the dog and their distance from defendant, the time involved in getting the gun, the immediate danger to the turkeys, and all the surrounding circumstances permit different inferences relative to the apparent necessity for killing or the reasonable belief in the necessity for such defense; and perchance as to defendant's honest belief that such defense was necessary. This element in the situation put the case beyond the operation of the rule as to unimpeached testimony and presented a jury question resulting in a proper denial of the motion for judgment notwithstanding the verdict.

5. Plaintiff lives within but adjoining the village corporate limits of Lake Park. Defendant lives without but adjoining the village corporate limits. The dog was shot while outside the village. During the trial defendant asked permission to amend his answer by pleading an ordinance of the village which permitted the killing of dogs running at large in the village without a license tag. The denial of this request is assigned as error. Without discussing the discretion of the court involved in an application to amend, it is sufficient to say that the ruling was correct because the ordinance was immaterial since it could have no extra-territorial effect. Whatever may be said of the status of the dog in the village, he was not an outlaw in the country unless and until his conduct brought him within the operation of the rule of the common law.

6. Defendant pleaded a counterclaim in which he sought to recover for poultry which he alleged was killed by the dog at times prior to the day of killing. Defendant assigns as error the refusal of the court to submit the counterclaim to the jury. This claim rests upon circumstantial evidence. We have carefully considered

the evidence and are of the opinion that it fails to show facts from which permissible inferences could be drawn to support the claim. The ruling was correct.

7.   Some of the assignments of error are directed at the charge to the jury. No exceptions were taken to the instructions when given to point out any language that might have been inadvertently used. The charge as a whole is substantially correct, and we do not find anything in appellant's contentions, under all the circumstances, that would warrant our disturbing the result.

Affirmed.