STATE *vs.* WILLIAM TURCOTTE.

JUNE 9, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

120

CAPOTOSTO, J.    The defendant was found guilty by a jury of operating a motor vehicle on Broadway, a public highway in the town of East Providence, on March 20, 1941, while under the influence of intoxicating liquor, he having been previously convicted of a similar offense on April 16, 1934. His motion for a new trial was heard and·denied by the trial justice. The case is before us on defendant's exception to the denial of that motion and on certain other exceptions taken by him during the trial.

Defendant's automobile had collided with a parked car, belonging to William C. Viall, in front of the latter's place of business. The defendant was arrested while standing in the highway close to and to the right of the right front door of the automobile. At the time of the arrest, defendant's mother, an aged woman, and a brother, Elmer, who had been ill and was then wearing an arm brace, were in the rear seat. Another brother, George, was on the right of the front seat. The driver's seat was vacant. George was arrested a few minutes after defendant's arrest and was later fined for drunkenness on that occasion.   Defendant's mother and his brother Elmer were sent home in a taxicab.

We will first consider defendant's exception to the denial of his motion for a new trial. The guilt of the defendant depends upon the determination of two questions of fact. First; was the defendant under the influence of intoxicating liquor; and second, was he the driver of the automobile? As to the first of these questions, there was testimony of defendant's condition from the arresting officer, Raymond A. Quinley, and from Sergeant Arthur G. Rich, who arrived at the scene about the same time as Quinley. They testified

that the defendant admitted having taken "some wine" before leaving his home and that his breath, speech and gait, indicated use of intoxicating liquor. Dr. Ernest A. Burrows, who examined defendant on behalf of the police shortly after his arrest, testified that he was under the influence of intoxicating liquor.

It appears in evidence that, as required by general laws 1938, chapter 104, § 1, clause 1, the defendant was informed soon after his arrest that he had the right to be examined at his own expense by a physician selected by him, but that he did not avail himself of this opportunity. He did testify that he was not under the influence of intoxicating liquor, and that any impairment of speech or motion, which he may have shown when examined by Dr. Burrows, was due to a physical ailment of long duration which manifested itself in such manner when he was nervous or excited. He admitted that he had never consulted a doctor for such ailment. The jury, as shown by its general verdict, believed the testimony for the state on this point. We find no reason to disagree with the jury.

As to whether the defendant was the driver of the automobile, it appears in evidence that when Viall came out of his place of business, very shortly after his automobile had been struck, he found the defendant in the highway and "asked him several times who was driving the car. He wouldn't tell. The last time he told me it was none of my business." Viall then had his office notify the police, and when Officer Quinley arrived on the scene Viall paid no further attention to what went on.

In cross-examination on this point, the defendant testified that he did not know who Viall was; that Viall could see for himself who was the driver of the automobile, as the collision happened right in front of his place; that he "didn't want to tell him"; and that he told him " 'The hakes with you', or something like that." Sergeant Rich and officer Quinley both testified that the defendant admitted to them

that he was the driver of the automobile. There is no direct denial of this testimony by the defendant.

Defendant's mother and his brother Elmer testified that George and not the defendant was the driver of the automobile, Elmer saying, that when the defendant got out of the automobile, immediately after the accident, "George moved over from the driver's seat over to the right." There is no testimony from either of these witnesses that they made any such claim when officer Quinley discussed with them about their going home in a taxicab, which talk occurred soon after that officer had arrested first the defendant and then George. Neither did George make such a claim at the scene of the occurrence, or at any other time to our knowledge, as George did not testify and no reason was given for his absence as a witness.

The defendant strongly argues that the positive testimony of defendant's mother and brother, not being contradicted by an eyewitness, entitled him to a verdict of acquittal by the jury, or at least to the setting aside of their verdict of guilty by the trial justice. We cannot agree with such contentions in the circumstances of this case. The conduct of the parties at the scene of the accident, the admission of the defendant that he was the driver of the automobile, and the unexplained absence of George as a witness, are some of the circumstances that the jury and the trial justice were entitled to consider in determining whether the defendant was the driver of the automobile.

A voluntary statement or declaration by an accused, although not amounting to a confession, but from which in connection with other evidence and the surrounding circumstances an inference of guilt may be drawn, is competent evidence. State v. Mariano, 37 R. I. 168, 183; State v. Nagle, 25 R. I. 105; State v. Mowry, 21 R. I. 379. If such statement or declaration is believed by the jury, then the fact of the testimony of certain witnesses to the contrary is seriously affected.

The controlling factor on the point now under consideration is one of credibility. If, upon a fair consideration of all the evidence, the jury believed the testimony for the state and rejected that for the defendant, then the defendant was properly convicted. By their verdict of guilty, the jury showed that they did not believe the testimony for the defendant, and this verdict has been approved by the trial justice.

While it is true, as the defendant points out, that the trial justice approved the verdict without comment, we cannot agree with defendant's contention that we should regard such approval as a perfunctory ruling by the trial justice upon the credibility of the witnesses or the weight of the evidence. The defendant does not claim that the trial justice misconceived or overlooked any material evidence in the case, and there is nothing in the record to show that the latter did not perform the duty imposed upon him by law in rendering his decision.

However, we have carefully examined the evidence for ourselves, keeping in mind that both the jury and the trial justice had the advantage over us of observing the witnesses as they testified, which is of material assistance in determining the credibility of testimony. Upon such an examination, we find no cause to disagree with the verdict of the jury and its approval by the trial justice. The defendant's exception to the denial of his motion for a new trial is therefore overruled.

Defendant's sixth, seventh, eighth, and ninth exceptions relate to the exclusion of statements allegedly made by Camille C. Turcotte, another brother of the defendant, to Sergeant Rich at the police station that his brother George and not the defendant was the driver of the automobile. The accident which resulted in the defendant's arrest occurred about 3 o'clock in the afternoon of March 20, 1941. On that day Camille was working in Providence until 5 o'clock, p. m. He was admittedly not in the defendant's automobile nor

at the scene of the occurrence. His testimony was properly excluded as hearsay. These exceptions are overruled.

All other exceptions have been considered and found to be without merit.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

CONDON, J., dissenting. I think that the defendant's exception to the denial of his motion for a new trial should be sustained, because the verdict is clearly against the evidence. It is obvious from the transcript that the jury failed to weigh the evidence properly. If they had done so, they could not have found beyond a reasonable doubt that the defendant was the driver of the automobile.

The state had the duty of thus proving this element of the offense with which the defendant was charged. In attempting to do so it relied almost entirely upon the testimony of two police officers that the defendant had admitted to them that he was the driver of the automobile. There was also the testimony of the officers and another witness that, when the defendant was standing in the highway talking to them, the driver's seat in the automobile was vacant and the defendant's brother George Turcotte was occupying the right front seat. This was a circumstance, which, unexplained, the jury could consider. However, it was clearly and positively explained by the defendant who testified that George was the driver and that he, George, had moved out of the driver's seat and over to the right after the accident. In this, defendant was corroborated by the uncontradicted testimony of his mother and his brother Elmer Turcotte, who were in the back seat. Unless these corroborating witnesses were unworthy of belief, any inference unfavorable to the defendant, from the circumstance of the vacant driver's seat, necessarily dropped out of the case.

There is nothing in the record to indicate that these corroborating witnesses were impeached in any way or that their testimony was inherently unreliable or improbable. Their relation to the defendant may indicate an interest,

but it does not of itself show bias. As the trial justice well said in charging the jury: "A person may have an interest and yet it does not follow, necessarily, that that person is biased or will give you anything but an accurate statement of the facts as that person may have observed them." Here it is significant that the testimony of Mrs. Turcotte and Elmer is both against as well as in favor of such interest of kinship. It tends to exculpate one near kin by inculpating another equally near. It seems to me that this adds greatly to the weight of their testimony and also strengthens and confirms its reliability.

Unless there was something in the record to justify disregarding completely the testimony of those corroborating witnesses, it must be credited. *O'Leary* v. *Wangensteen,* 175 Minn. 368. The fact that a witness is interested in the outcome of the litigation does not permit the court or jury to reject his otherwise unimpeached testimony. *Olsen* v. *Hoffman,* 175 Minn. 287. This court has said that testimony which is uncontradicted and contains no inherent improbabilities or indications of error must be taken as true. *Rostron* v. *Rostron,* 49 R. I. 292, 294. See also *Tiffany* v. *Morgan,* 73 A. (R. I.) 465. These standards of evaluating testimony ought to be adhered to, even more firmly in criminal cases, especially where it is a question, as here, whether the state has proved, beyond a reasonable doubt, all the essential elements of the crime charged.

The circumstance of the vacant driver's seat, therefore, would not alone be sufficient to support the verdict. But the next question is, what support does the verdict derive from the testimony of the police officers that the defendant admitted he was the driver? This evidence properly goes into the scales against the testimony of the defendant denying that he ever made any such admission, and asserting that his brother George Turcotte was the driver of the automobile.

If that were all the evidence which went into the scales against the state's evidence, it might well be that the jury's verdict should stand. But to the defendant's testimony we

must add the strong corroborative testimony of his mother and his brother Elmer. Their testimony not only negatives the charge that the defendant was the driver of the automobile, but it also definitely and unequivocally affirms the fact as to who was such driver.

Weighing all of this evidence in accordance with the law as given to them by the trial justice, the jury could not, in my opinion, have found that, beyond a reasonable doubt, the defendant was the driver of the automobile. In doing so either they failed to weigh the evidence properly, or they erroneously conceived it to be the duty of the defendant to prove his defense rather than the duty of the state to prove the charge against him beyond a reasonable doubt. In either event, substantial justice requires that at least he be given a new trial.

*John H. Nolan,* Attorney General, *Guillaume L. Parent,* Assistant Attorney General, for State.

*Frank H. Wildes,* for defendant.