FAIRVIEW COMMUNITY HOSPITALS v.
MRS. ARVID S. WILSON.

249 N. W. 2d 442.

November 19, 1976—No. 46119.

*Jeremy Lane*, Legal Aid Society of Minneapolis, for appellant.
*Stewart & Zlimen* and *N. E. Stewart*, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

This is an action to recover the balance due on charges incurred by reason of the hospitals' rendering emergency services to the husband of the defendant. The husband died while in the hospital. After the admission of the husband and at the request of the hospital, the wife executed a form in which she guaranteed the payment of the charges. She now contends the hospital personnel represented to her that what she was asked to sign was an assignment of insurance benefits and had she known she was executing and undertaking to assume responsibility for the charges, she would not have signed the document. It was conceded at the trial that the wife would have no liability in absence of the guaranty.

The trial court found in favor of the hospital and from the judgment entered, the appeal was taken.

The facts and circumstances surrounding defendant's signing the guaranty are consistent with the strong probability she signed the guaranty knowing she obligated herself for the charge. It would be most unlikely under the circumstances she would not have obligated herself. Her husband was in great need for the care. The alternative would have presented the need for her husband to be removed to a public hospital under circumstances dangerous to his survival. The trial court also had before him the form of guaranty which contained a clear and simple statement assuming responsibility for all charges for the treatment. The form also contained a statement in handwriting above the wife's signature reading as follows:

"[H]ad only $200.00 left on MM.—used $4800.00 of $5,000.00 lifetime MM. B/4 entry here."

The wife admitted on cross-examination that during the past 2 years her husband had been hospitalized at the University Hospitals for a cancer condition. The source of the above-quoted information was not disclosed at the trial. The unexplained source of the information justifies the inference that the wife was the source of the information and that she had had some experience in hospital credit arrangements.

The rule that the court cannot disregard positive testimony of an unimpeached witness is subject to the exception that if on the record as a whole its improbability and inconsistency appears, it may be disregarded. O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430 (1928). Such were the circumstances here. The trial court was justified in determining that her testimony that she did not know what she was signing was impeached.

Affirmed.